JOHNSON, Justice,
dissenting.
This Court should use this opportunity to strongly disapprove conduct where an attorney, without first obtaining the client’s informed consent, approves of a settlement and disburses funds therefrom. A public censure is far too lenient for these serious offenses. A more severe penalty is warranted under these circumstances.
*793 This court has determined that a public reprimand is appropriate discipline for this respondent, who, pursuant to an improper power of attorney clause in his contingency contract, received, endorsed, and negotiated his clients’ settlement checks without their informed consent, and partially disbursed settlement funds without communicating with his clients. Paragraph seven of respondent’s contingency fee contract provides:
Attorney is hereby granted special power of attorney to sign, endorse and negotiate in client’s name any checks or drafts of any nature whatsoever issued in connection with this matter, to sign any settlement documents, to receive and demand payment, and Attorney is hereby authorized and directed to withhold from said payment(s) the appropriate attorney’s fees, expenses, and/or advances associated with the handling of my claim.
Such a power of attorney clause is expressly prohibited by the Rules of Professional Conduct. Rule 1.8 of the Rules of Professional Conduct provides in relevant part:
As a general principle, all transactions between client and |2lawyer should be fair and reasonable to the client. Furthermore, a lawyer may not exploit his representation of a client or information relating to the representation to the client’s disadvantage. Examples of violations include, but are not limited to, the following:
* * *
(k) A lawyer shall not solicit or obtain a power of attorney or mandate from a client which would authorize the attorney, without first obtaining the client’s informed consent to settle, to enter into a binding settlement agreement on the client’s behalf or to execute on behalf of the client any settlement or release documents. An attorney may obtain a client’s authorization to endorse and negotiate an instrument given in settlement of the client’s claim, but only after the client has approved the settlement.
Rule 1.4 provides:
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so.
Respondent has admitted .that the power of attorney clause “is in clear violation of Rule 1.8(k).” Respondent also admitted that his actions in disbursing the settlement funds without communicating with his clients and without obtaining their consent or approval “present a clear violation of Rule 1.4.”
For the aforementioned reasons, I respectfully dissent.